UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON SMITH,
    Plaintiff,
-vs.-

NATIONWIDE COLLECTION AGENCIES, INC.
d/b/a/ MONEY RECOVERY NATIONWIDE,
a Michigan corporation,
    Defendant.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, CARLTON SMITH, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for his Complaint against the Defendants, plead as follows:

## JURISDICTION

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in the City of Ferndale, in Oakland County, Michigan.

5. The Defendant to this lawsuit is Nationwide Collection Agencies, Inc. d/b/a Money Recovery Nationwide which maintains a registered agent in Ingham County, Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect the following consumer type debts allegedly owed by Plaintiff to South Oakland Anesthesia (alleged "Debts"):
    a. Account number 4267434 in the amount of $464;
    b. Account number 4267435 in the amount $160; and
    c. Account number 4267437 in the amount of $32.

7. On or about December 30, 2016, Mr. Smith obtained his credit files and noticed that Defendant reported the alleged Debts.

8. On or about April 21, 2017, Mr. Smith submitted a letter to Defendant disputing the alleged Debts.

9. On or about June 19, 2017, Mr. Smith obtained his CBC Innovis credit file which showed that Defendant failed to flag the alleged Debts as disputed.

10. On or about July 17, 2017, Mr. Smith obtained his Equifax, Trans Union and Experian credit files and noticed that Defendant failed to flag the alleged Debts as disputed.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11. Plaintiff reincorporates the preceding allegations by reference.

12. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Mr. Smith is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

14. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

15. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by failing to communicate that a disputed debt is disputed. Defendant did this when it continued to report the alleged Debts on Mr. Smith's credit files without indicating that he disputed the alleged Debt.

16. Mr. Smith has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

17. Plaintiff incorporates the preceding allegations by reference.
18. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).
19. Mr. Smith is a debtor as that term is defined in M.C.L. § 339.901(f).
20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

21. Mr. Smith has suffered damages as a result of these violations of the Michigan Occupational Code.

22. These violations of the Michigan Occupational Code were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Occupational Code.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

25. Mr. Smith is a "consumer" as that term is defined at MCL § 445.251.

26. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

27. Mr. Smith has suffered damages as a result of these violations of the MCPA.

28. These violations of the MCPA were willful.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Michigan Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

August 2, 2017    /s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com