UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLTON SMITH,

    Plaintiff,

Case No. 17-cv-12499
Hon. Matthew F. Leitman

v.

NATIONWIDE COLLECTION
AGENCIES, INC. D/B/A MONEY
RECOVERY NATIONWIDE,

    Defendant.

_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF #14)

In this action, Plaintiff Carlton Smith alleges that Defendant Nationwide Collection Agencies, Inc., violated a provision of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692e(8) ("Section 1692e(8)"), when Nationwide failed to inform certain credit reporting agencies that he (Smith) disputed certain accounts. (Compl., ECF #1.) Smith has now moved for partial summary judgment. (ECF #14.) For the reasons explained below, the motion is DENIED.[1]

---

[1] The Court concludes that it may decide this motion without a hearing. *See* Local Rule 7.1(f)(2).

Section 1692e(8) provides that a debt collector violates the FDCPA by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Smith contends that he is entitled to partial judgment as a matter of law on his claim under Section 1692e(8) because he "mailed [a] dispute letter to [Nationwide]" in April of 2017, reviewed his credit files from certain credit reporting agencies later that year, and "discovered that [Nationwide] failed to report all of the disputed accounts as disputed." (Motion, ECF #14 at Pg. ID 60.) Smith is not entitled to partial summary judgment on that basis.

Because Smith bears the burden of persuasion on his claim under Section 1692e(8) at trial, his "initial summary judgment burden is higher in that [he] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (quotation omitted). Smith has not carried his burden. While Smith alleges that he sent the dispute letter to Nationwide, he has not submitted any evidence that he actually did so. He attaches the purported dispute letter to his motion (ECF #14-2), but he has not submitted an affidavit stating that he (or anyone else) actually sent the letter to Nationwide.

Even if Smith had carried his initial burden, he still would not be entitled to partial summary judgment because Nationwide has submitted sufficient evidence to preclude entry of judgment as a matter of law in Smith's favor. For instance, Nationwide has submitted evidence that the address listed on the purported dispute letter is inaccurate. (*See* ECF #17-1 at ¶1, Pg. ID 92.) Nationwide has also submitted evidence that would be sufficient to support a bona fide error defense available under 15 U.S.C. §1692k(c). (*See* ECF #17-1.)

On this record, the Court cannot say that Smith is entitled to partial judgment as a matter of law on his claim under Section 1692e(8). Accordingly, Smith's motion for partial summary judgment is DENIED.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764